Dear Mr. Culotta:
Your request for an Attorney General Opinion was forwarded to me for research and reply. Your questions are as follows:
 1. Should a warrant issued by a Justice of the Peace be recalled because it lacks sufficient information which would help facilitate the arrest?
 2. Can a newly elected justice of the peace recall warrants issued by previous incumbents?
 3. Can a justice of the peace charge a fee for the recalling of a warrant issued pursuant to an insufficient check after payment has been made to clear the insufficiency?
In response to your first question, La. C.Cr.P. art. 203
provides the requirements for a valid arrest warrant. This article provides, in pertinent part, as follows:
The warrant of arrest shall:
 (3) State the name of the person to be arrested, or, if his name is unknown, designate the person by any name or description by which he can be identified with reasonable certainty . . . .
As reflected in the Official Comments to Art. 203, if the name of the person to be arrested is unknown, the constitutional requirement of particularly describing the person to be seized should be satisfied as long as the person is described so that he can be identified with reasonable certainty. Currently, there are no requirements which mandate that a date of birth, address, or any other information be included in a warrant. Thus, although an officer may wish to seek as much information as he can in order to facilitate the arrest, the warrant may not be recalled if it states the name of the person to be arrested, or, if his name is unknown, it provides any name or description by which he can be identified with reasonable certainty. The provisions of Art. 203 also apply with respect to warrants issued from another parish or state, thus the warrant should be forwarded to the proper authorities.
In response to your second question, La. R.S. 13:2586 et seq, provides the basis for jurisdiction, as well as the powers of the justice of the peace. Subsection (C) of that statute provides, in pertinent part, that "[t]hey shall have criminal jurisdiction as committing magistrates and shall have the power to bail or discharge, in cases not capital or necessarily punishable at hard labor . . . ." Reference should also be made to La. C.Cr.P. arts. 202, 931(4), and 315(5).
Thus, in accordance with the above quoted statute, a justice of the peace, newly elected or otherwise, may discharge or recall a warrant issued by a previous incumbent. It is important to note, however, that the district attorney has entire charge and control of every criminal prosecution pursuant to La. C.Cr.P. art. 61.
In response to your third question, La. R.S. 13:2586.1
provides for the compensation of justices of the peace in criminal matters. This statute provides, in pertinent part, that "[j]ustices of the peace shall receive no fees in criminal matters . . . ." Emphasis added.
In addition, the Supreme Court of Louisiana, in In Re J.A. "Bob" Wilkes, Justice of the Peace, 403 So.2d 35 (La. 1981), held that fee arrangements whereby justices of the peace receive commissions for collections based on N.S.F. checks would be unlawful as well as threatening. Fee arrangements of this type tend to reflect adversely on the impartiality of a justice of the peace. The collection of fees in this matter would give the justice a financial interest in the outcome of disputes before his court. Pursuant to La. Const. Art. 5, Section 25 (C), a justice of the peace could also be subject to suspension for engaging in such impropriety.
The collection of a fifteen dollar fee for the purpose of recalling a warrant constitutes the receiving of fees in criminal matters which is specifically prohibited by La. R.S.13:2586.1. Presumably, if a person does not pay the fifteen dollar fee, the warrant will remain active thereby subjecting the individual to arrest. Pursuant to the above quoted statute, as well as the tendency to reflect impartiality, a justice of the peace may not charge a fee for the recalling of a warrant.
Thus, it is the opinion of this office that, although an officer may seek additional information to facilitate the arrest of an individual, a warrant may not be recalled if it states the name of the person to be arrested. Also, a justice of the peace may recall warrants issued by previous incumbents, provided it is not a capital offense or necessarily punishable at hard labor. Finally, a justice of the peace may not collect any fees with reference to criminal matters.
I hope this opinion sufficiently answers your questions. If our office may be of any further assistance, please do not hesitate to contact us.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: EMMA J. DEVILLIER Assistant Attorney General
RPI/EJD/rda